UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-381-KSF

LISA WILSON                                                                                     PLAINTIFF

v.                                  **OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                        DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Lisa Wilson, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for period of disability and disability insurance benefits based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Wilson filed her claim for period of disability and disability insurance benefits on June 26, 2007, alleging an onset date of May 30, 2007 [TR104]. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on March 25, 2009. [TR 12] Wilson subsequently requested review by the Appeals Council. The Appeals Council denied Wilson's request for review on September 22, 2009. [TR 1] Wilson has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

At the time the ALJ rendered his decision, Wilson was 47 years old. [TR 104] She has

1

earned her General Equivalency Diploma. [TR 28] She has past relevant work experience as a sewing machine operator, assembler, dye cutter, and bus monitor. [TR 28-30, 133, 137, 140] Wilson claims that she is disabled due to back problems, asthma, arthritis, hip problems, sleep apnea, high blood pressure, and depression. [TR 104-132] In support of her application for benefits, Wilson points to the medical records and reports from Dr. Eiyad Alchureiqi, Dr. Steven Howard, and Dr. Benjamin Dacula as evidence of her alleged disability.

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2) If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth

step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The ALJ began his analysis at step one by determining that Wilson has not engaged in any substantial gainful activity since her alleged onset date of May 30, 2007. [TR 14] At step two, the ALJ found that Wilson suffers from the severe impairments of obesity, history of asthma, and degenerative joint disease of the lumbar spine. [TR 14] Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments. [TR 15]

Next, the ALJ determined Wilson's residual functional capacity, or "RFC." An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). In this case, the ALJ found that Wilson has the RFC to perform the exertional and nonexertional demands of light work as defined in 20 C.F.R. § 404.1567(b). Specifically, the ALJ found that Wilson could occasionally lift and carry 20 pounds and frequently 10 pounds; stand and walk six hours in an eight hour day; occasionally climb ramps and stairs and never ladders, ropes and scaffolds; she could do only occasional stooping, kneeling or crouching and never crawling; she needed to avoid concentrated exposure to extreme heat and humidity; avoid full body vibration, fumes, odors, dusts or gases; and avoid hazards such as dangerous machinery and unprotected

heights. [TR 16]

At step four, the ALJ determined that based on this RFC, Wilson was capable of performing her past relevant work as a sewing machine operator. In reaching this decision, the ALJ relied on the testimony of the Vocational Expert ("VE") who testified that a sewing machine operator is considered light in exertion and semi-skilled. Based on Wilson's RFC, the VE concluded that Wilson could work as a sewing machine operator. Therefore because Wilson is able to return to her past relevant work as a sewing machine operator, the ALJ determined that she is not disabled. [TR 18]

## II.    GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from

its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

**III.  ANALYSIS**

On appeal, Wilson argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards. Specifically, Wilson argues that the ALJ failed to consider most of the medical evidence in support of her claim, including medical records from Dr. Eiyad Alchureiqi, Dr. Steven Howard, and Dr. Benjamin Dacula. She also argues that the ALJ improperly relied on the opinions of the state agency physicians. Finally, she contends that RFC assigned to her by the ALJ is not supported by substantial evidence.

On the date of her alleged onset of disability, May 30, 2007, Dr. Alchureiqi advised Wilson to avoid bending, not lift heavy stuff, and to sleep on a firm mattress [TR 289]. These restrictions were assessed again in visits with Dr. Alchureiqi from June 11, 2007 to July 27, 2007 [TR 270, 283, 285, 287]. On June 11, 2007, Wilson reported significant improvement and requested a note to be released back to work [TR 287]. The next day, on June 12, 2007, Wilson returned to Dr. Alchureiqi's clinic again complaining of low back pain. An MRI of her LS spine was ordered [TR 285]. On June 19, 2007, Dr. Alchureiqi reported that the results of the MRI showed mainly arthritis and bulging disc of the lower back, but was otherwise unremarkable [TR 280].

Wilson's physical examinations by Dr. Alchureiqi remained essentially unchanged during the period from September 24, 2007 through May 31, 2008, and Dr. Alchureiqi continuously assessed Wilson with the same limitations. Nothing in Dr. Alchureiqi's records is indicative of a totally disabling impairment or pain. Furthermore, the limitations assessed by Dr. Alchureiqi are consistent with the ALJ's RFC finding.

Next, Wilson points to the records from Dr. Howard, a chiropractor, in support of her claim.

Dr. Howard treated Wilson from May 27, 2008 until September 17, 2008 [TR 349-350]. A chiropractor, however, is not an acceptable medical source and thus cannot establish the presence of a medically determinable impairment. *See* 20 C.F.R. § 404. 1513(a), (d)(1); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 19997). Even if the ALJ were allowed to rely on the records of a chiropractor, nothing in Dr. Howard's records indicate that Wilson is disabled or unable to perform light work as a sewing machine operator. In fact, Dr. Howard's records indicate that Wilson received pain relief after adjustments [TR 349, 350]. Although Wilson contends that the ALJ was required to specifically discuss the opinion of Dr. Howard, Social Security Ruling 06-3p only states that an adjudicator "generally should explain the weight given to opinions" from other sources "when such opinions have an effect on the outcome of the case." As Wilson has failed to show how Dr. Howard's opinion could effect the outcome of this case, the ALJ was not required to assign or explain any weight given to his opinion.

Next, Wilson contends that the ALJ's assessment of her back condition failed to consider the presence of radiculopathy, the positive straight leg raising, and possible restless leg syndrome assessed by Dr. Dacula. Dr. Dacula examined Wilson on June 23, 2008 and found no deformity, no spasm, and no point tenderness in the lumbar spine, and range of motion was fully maintained [TR 346]. Although Dr. Dacula prescribed medication and advised her to follow up with her primary physician on the possible restless leg syndrome, his findings do not suggest totally disabling pain. On follow-up visits to Dr. Dacula through November 14, 2008, he made essentially the same findings. He advised her on a range of motion home exercise program, lifestyle modifications, including weight loss and smoking cessation [TR 400-409]. Importantly, Dr. Dacula never assessed any functional limitations.

The medical records of Dr. Alchureiqi, Dr. Howard, and Dr. Dacula simply do not support Wilson's claim of disabling pain. Notably, the absence of significant neurological deficits or atrophy supports the ALJ's finding that Wilson's allegations of disabling musculoskeletal pain were not entirely credible. *See* 20 C.F.R. § 404.1529(c)(2). Rather, the records of these doctors are consistent with the ALJ's RFC finding.

Wilson also argues that the ALJ improperly relied on the opinions of the state agency doctors, Dr. John Rawlings and Dr. Carlos X. Hernandez. Dr. Rawlings indicated that Wilson had the RFC for medium work, with postural limitations, and could frequently climb ramp/stairs, kneel and crouch, and occasionally climb ladders/ropes/scaffolds, stoop and crawl [TR 257]. He also included environmental restrictions and the need to avoid hazards [TR 259]. Dr. Hernandez affirmed Dr. Rawlings' assessment that Wilson had the RFC for medium work, and noted that new evidence did not alter the assessment [TR 325].

Wilson contends that these doctors did not consider her asthma and COPD. However, Dr. Rawlings' records noted that Wilson was using Albuterol inhaler for asthma and nocturnal snoring, that she was a smoker, and that on physical examination her lungs were clear. [TR 256]. Based on these findings, the ALJ found that Wilson should avoid concentrated exposure to extreme heat and humidity, and fumes, odors, dusts, or gases [TR 16]. Thus, the ALJ clearly considered any work-related limitations that Wilson may suffer as a result of her asthma and COPD.

While Dr. Rawlings and Dr. Hernandez opined that Wilson could perform medium work, the ALJ determined that based on other evidence in the record, Wilson could only perform light work. There is nothing inconsistent about this finding. According to the regulations, if someone can do medium work, she can also do light or sedentary work. *See* 20 C.F.R. § 404.1567(c). Moreover,

7

reliance on the opinions of these nonexamining physicians is also consistent with the regulations and case law. *See* 20 C.F.R. § 404.1527(f). According to the Sixth Circuit, a nonexamining physician is qualified to review the medical record and provide a reliable opinion. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1308-09 (6th Cir. 1990). In this case, the state agency physicians, along with the other evidence in the record, support the ALJ's finding that Wilson had the RFC for light work and could perform her past relevant work as a sewing machine operator.

To the extent that Wilson contends that the ALJ failed to rely on the VE's testimony that if Wilson's testimony was fully credible there would be no jobs that she could perform, this argument fails. There is simply no requirement that the ALJ rely on the VE's testimony because the ALJ found that Wilson's complaints of pain and functional limitations were not fully credible. Moreover, at step four of the analysis, the burden of proof remained with Wilson. The burden of proof never shifted to the Commissioner to show that Wilson could perform other work existing in significant numbers in the national economy. Here, the ALJ found at step four that Wilson was disabled. The ALJ did however, properly rely on the VE's testimony that based on Wilson's RFC, she could perform her past relevant work as a sewing machine operator. Because the vocational testimony was consistent with the other evidence in the record in this case, the ALJ properly relied on this testimony, even though he was not required to do so in order to reach the past relevant work finding. *See Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

Finally, turning to Wilson's credibility, the ALJ found that her activities and functional ability are inconsistent with her complaints of totally disabling pain. There is substantial evidence in support of this finding. At the hearing, Wilson testified that she has a driver's license, and is able to drive to doctors appointments, school, and the grocery store [TR 26-27]. Although her son and

8

daughter cook large meals, she is able to use the microwave for simple meal preparation. She also washes dishes, dusts, and does laundry [TR 42-44]. She gets her seven year old granddaughter up and ready for school, helps with homework, keeps up with her school progress, and reads and plays with her [TR45-57]. Wilson also testifies that she walks in the yard for exercise, watches television and movies, and reads the newspaper [TR 45, 47, 48]. As the ALJ found, these daily activities are simply inconsistent with her complaints of totally disabling pain.

For these reasons, Wilson has failed to meet her burden of proving that her condition caused disabling limitations. *See* 42 U.S.C. 423(d)(5)(A); 20 C.F.R. § 404.1512(a). The record contains substantial evidence in support of the ALJ's assessment of Wilson's RFC and his findings that her allegations were not totally credible. Upon review, the Court finds that substantial evidence supports the ALJ's findings and his conclusion that Wilson is not disabled.

### III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that the decision of the Commissioner is **AFFIRMED** as it was supported by substantial evidence and was decided by proper legal standards.

This September 9, 2010.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**